THE STATE TO USE OF H. DIECKMAN, Respondent, v. C. A. SCHNAKE ET AL., Appellants.

St. Louis Court of Appeals, March 23, 1886.

1. SALES—CHATTELS—CHANGE OF POSSESSION—INSTRUCTIONS.—An instruction, in the language of the statute, and appropriate to the hypothetical facts, is not erroneous, under an issue as to whether there has been such a change of possession, in a sale of personalty, as will satisfy the statute.

2. —— Instructions setting forth the necessity of "actual, exclusive, visible, notorious, and continuous" change of possession, should not be given except with the modification, "regard being had to the nature and situation of the property."

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Affirmed.*

F. A. WISLIZENUS and J. M. HOLMES, for the appellants : Upon the evidence in the case, the plaintiff was not entitled to recover. There was no such actual change of possession as required by the statute, and the unbroken line of decisions thereon, beginning with *Claflin v. Rosenberg* (42 Mo. 439). See *Bishop v. O'Connell*, 56 Mo. 158 ; *Stern v. Kenly*, 68 Mo. 262 ; *Mills v. Thompson*, 72 Mo. 367 ; *Franklin v. Gummersell*, 11 Mo. App. 313. The case should, therefore, have been withdrawn from the jury. *Stewart v. Bergstrom*, 79 Mo. 524 ; *Wright v. McCormick*, 67 Mo. 426. The instructions given were contradictory. *The State v. Nauert*, 2 Mo. App. 297 ; *Singer Mfg. Co. v. Hudson*, 4 Mo. App. 148.

HENRY N. HART, for the respondent : The delivery, and the proof of delivery, were sufficient, and the instructions embodied the law. *Bass v. Walsh*, 39 Mo. 192 ;

*Ross v. Krutzinger*, 7 Mo. 245 ; *Gattsweiller v. Morgner*, 61 Mo. 47 ; *Rickey v. Zeppenfeld*, 60 Mo. 277 ; *Glasgow v. Nicholson*, 25 Mo. 29.

Lewis, P. J., delivered the opinion of the court.

Hermann Drees was the owner of the contents of an ice-house, containing about fifteen hundred tons, and, on February 26, 1885, sold the same to the plaintiff Dieckman for $1,500, payable one-third in cash and the remainder in notes. The cash and notes were delivered at the same time, and the vendor and the vendee went together to the ice-house, where there was a formal surrender of possession in pursuance of the sale. On February 28, an execution held by the defendant Schnake, assignee of Louis Bader, against Drees, was levied on the ice as property of Drees, whereupon Dieckman duly made his claim, and the indemnifying bond here sued on was given by the present defendants. The only question brought up by the appeal is whether there was a delivery and change of possession sufficient to protect the ice against the levy. The verdict and judgment were for the plaintiff.

The *bona fides* of the sale and payment of the consideration are not questioned by the defendants. They insist only that there was no such actual, notorious, and continued change of possession as the law requires, in order to screen the vendee's title from an execution against the vendor. The testimony tended to show that immediately upon the consummation of the sale, the parties went to the ice-house, where Drees said to Dieckman, "Here is your ice, Henry; that is yours, there it is." Dieckman told Drees to get some sawdust and cover the ice, and he, Dieckman, would pay him for it. Dieckman testifies, that from the time of his purchase no one but himself had control of the ice ; that he told Drees "not to take charge of it, but to look after it." Both he and Drees told several persons about the sale, but no sign was

put up, and no notice was given to the public. Drees says that he provided two loads of sawdust, and with the assistance of several men was covering up the ice for Dieckman, when the sheriff took possession. Dieckman was working as a teamster, and was not seen much about the place. There was some other testimony not materially changing the general aspects of the case. The court gave the following instruction for the plaintiff:

"If the jury believe, from the evidence, Dieckman purchased the ice which was levied upon and seized by the sheriff of St. Louis City, under execution one hundred and eighteen, returnable to the April term, 1885, in favor of Louis Bader, to the use of C. A. Schnake, assignee, against J. H. Drees, in good faith, and for a valuable consideration, from J. H. Drees; that said Drees put said Dieckman in possession of the same within a reasonable time after said sale, and that afterwards, and until the said levy and seizure by the said sheriff, there was a continued change of possession out of said Drees and in said Dieckman, regard being had to the situation of said ice, and the nature of the property at the time of said sale, and up to the seizure, then there is a breach of said bond sued upon, and the jury will find for the plaintiff and assess the damages at whatever they shall believe, from the evidence, the said ice was reasonably worth, with interest from the time of said levy."

This instruction put the issues fairly before the jury, and there was no lack of substantial testimony in support of its affirmative hypotheses. There is nothing in this branch of the case suggesting any ground for a reversal.

The defendants asked for several instructions setting forth the necessity for a change of possession "actual, exclusive, visible, notorious, and continuous, up to, and at the time of the levy." None of them, as offered, contained the statutory qualification touching the nature and situation of the property. The court refused them, as

tendered, and then gave them with the qualification added in each instance.    This action was entirely proper.

The whole case was fairly put to the jury, and we, therefore, can not disturb the verdict.    As to the necessity for a showing by the plaintiff that the change of possession was open, notorious, and unequivocal, it was fully supplied by the instructions offered by the defendants and given, as modified by the court.  The plaintiff's instruction substantially follows the statute (Rev. Stat., sect. 2505), which does not contain the several conditions usually annexed by judicial interpretation.    If, however, the instruction were defective in this or any other particular, the objection could not be here considered, since it was not presented by motion, as one of the grounds for a new trial

No error appears in the record, and the judgment is affirmed, with the concurrence of all the judges